**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| D2 PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00755-MTS |
| | ) | |
| CORNELL HAYNES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff D2 Productions, Inc.'s Second Motion to Remand. Doc. [28]. Defendants Cornell Haynes, Tori Harper, and Robert Cleveland oppose the Motion.[1] Doc. [33]. After a review of the briefing on the Motion and the other relevant filings, the Court concludes that Defendants have failed to demonstrate the Court's subject-matter jurisdiction. Therefore, the Court will remand this action. *See* 28 U.S.C. § 1447(c).

I.   **BACKGROUND**[2]

Plaintiff D2 Productions, Inc. ("D2") is "a production company started in a local community skating rink by twin brothers Darren Stith and David Stith," who "were directly responsible for finding, nurturing, and bringing to the public" the music of

---

[1] Another Defendant, Ali Jones, has not filed anything in this action and thus has not opposed Plaintiff's Second Motion to Remand. For the sake of simplicity, though, the Court will refer to Haynes, Harper, and Cleveland collectively herein as "Defendants."

[2] The facts herein are taken from Plaintiff's allegations; the Court expresses no opinion on their accuracy. *Cf. Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017) ("A complaint's allegations are just that: allegations.").

Cornell Haynes and the group known as the "St. Lunatics." Doc. [26] ¶ 8.  In addition to Haynes, the St. Lunatics consisted of Ali Jones, Tori Harper, Robert Cleveland, and Lavell Webb.  *Id.* ¶ 9.  D2 entered into Exclusive Songwriter Agreements with Haynes, Jones, Harper, and Cleveland.  In these Agreements, "the individual artists transferred to D2 all rights to all works that they wrote, composed or created."  *Id.* ¶ 14–16.  In June 2000, D2 released Haynes from his Agreement in exchange for $75,000.  *Id.* ¶ 17.  D2's Exclusive Songwriter Agreements with Harper, Cleveland, and Jones remained in effect; however, unbeknownst to D2 at the time, Harper, Cleveland, and Jones secretly arranged with Haynes to circumvent their contractual obligations to D2.

The secret arrangement was straightforward.  Though Harper, Cleveland, and Jones were also "responsible for the creation, composition, and production" of various songs, they agreed to allow Haynes "to take all writing credits" and "to register [him] as the copyright holder."  *Id.* ¶ 18.  Under the secret arrangement, Haynes would "collect all royalties and revenues to the songs and then compensate Harper, Cleveland, and Jones under the table in order to avoid their contractual obligations to D2."  *Id.* ¶ 19.  The arrangement allowed Haynes, Harper, Cleveland, and Jones "to retain more money" by "exclud[ing] D2 from receiving its rightful revenue" under its Exclusive Songwriter Agreements with Harper, Cleveland, and Jones.  *Id.*

Unaware of the secret arrangement among the artists, D2 "entered into an Exclusive Songwriter & Co-Publishing Agreement" with Universal Music Corporation and Songs of Universal, Inc.  *Id.* ¶ 20.  This publishing agreement granted D2 the right to collect a percentage of the royalties from certain St. Lunatics' compositions, as defined in

- 2 -

the agreement, in exchange for relinquishing certain rights under the Exclusive Songwriter Agreements with Jones, Harper, and Cleveland. *Id.* But "because" Haynes, Jones, Harper, and Cleveland had entered into the secret arrangement, "no amounts would be paid to D2." *Id.* If Harper, Cleveland, and Jones had not entered into the secret arrangement, D2 would have been "entitled to receive twenty-five percent" of their "writer's share" under the publishing agreement. *Id.* ¶ 21. Instead, Haynes collected the entire amount. *Id.* In 2022, D2 learned of the once-secret arrangement during a protracted and "very public dispute" between Haynes and Jones. *Id.* ¶ 22.

In an effort to vindicate its rights, D2 filed this action in the Circuit Court of St. Louis County against Haynes, Jones, Harper, Cleveland, and Universal Music Corp. ("Universal") with claims for breach of contract, intentional misrepresentation/fraud, conspiracy, breach of the implied covenant of good faith and fair dealing, tortious interference, misrepresentation, accounting, conversion, and unjust enrichment. Doc. [4]. D2 also sought a declaratory judgment—though what precisely D2 sought to be declared was unclear. *See id.* ¶¶ 96–100. Universal timely removed the action to this Court, *see* 28 U.S.C. § 1441(a), asserting that the Court has subject-matter jurisdiction under the Copyright Act of 1976, Pub. L. No. 94-553, 90 Stat. 2541 (codified as amended at 17 U.S.C. § 101 *et seq.*). Doc. [1]. Universal argued that several of D2's claims were preempted, and that this Court could exercise supplemental jurisdiction over the ones that were not. *Id.*

D2 then moved to dismiss Universal from the action without prejudice, Doc. [13], and the Court granted the unopposed Motion, Doc. [17]. D2 also sought remand,

asserting that the Court lacked subject-matter jurisdiction.  Doc. [14].  With Universal now out of the action, Defendants Haynes, Harper, and Cleveland opposed D2's Motion to Remand.  Doc. [16].  The Court heard argument on the Motion to Remand, *see* Doc. [23], and allowed D2 to amend its Complaint, Doc. [24].  *See* Fed. R. Civ. P. 15(a)(2). D2 filed a First Amended Complaint against Haynes, Jones, Harper, and Cleveland asserting claims for (1) breach of contract; (2) misrepresentation/fraud; (3) conspiracy; (4) breach of the implied covenant of good faith and fair dealing; (5) tortious interference; and (6) negligent misrepresentation.  Doc. [26].  D2 then filed the Second Motion to Remand, Doc. [28], which is now before the Court.  The Second Motion asserts there is "no basis for federal jurisdiction" in this case.  *Id.* at 1.

II.     **DISCUSSION**

Defendants Haynes, Harper, and Cleveland, as the "part[ies] opposing remand," have "the burden of establishing subject-matter jurisdiction here."  *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002).  They assert that the Court has federal question jurisdiction.  *See* 28 U.S.C. § 1331.  "Federal-question jurisdiction typically depends on application of the 'well-pleaded complaint rule,' which provides that it exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." *King v. United Parcel Serv., Inc.*, 152 F.4th 915, 920 (8th Cir. 2025) (citation modified). Here, though, all D2's claims in its Amended Complaint are premised on and brought under state law.[3]  No matter, Defendants say, because D2's "claims are preempted by the

---

[3] For subject-matter jurisdictional purposes, the operative Amended Complaint governs, not the original pleading.  *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) ("When a

Copyright Act." Doc. [33] at 3 (typecase altered). Defendants then immediately begin addressing whether each claim that D2 has is preempted. In doing so, Defendants "fail[ed] to recognize the significant difference between complete, jurisdictional preemption and preemption as an affirmative defense." *See Bates v. Mo. & N. Ark. R. Co.*, 548 F.3d 634, 637 (8th Cir. 2008).

Preemption "is ordinarily a federal defense to the plaintiff's suit." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The existence of a federal defense, including a defense of preemption, "does not create federal-question jurisdiction." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *accord Chapman v. Lab One*, 390 F.3d 620, 625 (8th Cir. 2004) ("In the ordinary case, federal preemption is merely a defense to a plaintiff's state-law claim, and it does not alter the jurisdiction of the federal court."). Complete preemption is an "exception" to this rule. *King*, 152 F.4th at 920. Complete preemption "converts a well-pleaded state law claim into an inherently federal claim for jurisdictional purposes." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 689 n.8 (9th Cir. 2007). It happens "when a federal statute 'wholly displaces' the state-law cause of action, resulting in 'complete preemption.'" *Griffioen*, 785 F.3d at 1188.

Defendants' first task, then, should have been to show that a federal statute does so here; they should have shown that some part of the Copyright Act wholly displaces (and therefore completely preempts) state law. Despite their burden, Defendants provided no

---

plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says."), *aff'g*, 75 F.4th 918 (8th Cir. 2023). *Contra* Doc. [33] at 7 ("Jurisdiction is determined at the time of removal not by subsequent amendments.").

analysis on whether the Copyright Act completely preempts the substantive field.  *See* Doc. [33].  They relegate the discussion on complete preemption exclusively to their introduction section, with no mention of it in their argument section at all.  *Id.* at 2.  Even in their introduction, though, they simply list the out-of-circuit courts that have held that the Copyright Act completely preempts the substantive field without analyzing the issue themselves.  *Id.*

It is true that multiple courts of appeals have held that § 301(a) of the Copyright Act completely preempts the substantive field.  *See, e.g.*, *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012); *Ritchie v. Williams*, 395 F.3d 283, 286–87 (6th Cir. 2005).  But not everyone is "so certain."  *Wis. Interscholastic Athletic Ass'n v. Gannett Co.*, 658 F.3d 614, 620 (7th Cir. 2011) (Wood, J.) (citing, *inter alia*, *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG.*, 510 F.3d 77, 99–102 (1st Cir. 2007) (Cyr, J., dissenting)).  Neither the Supreme Court nor the U.S. Court of Appeals for the Eighth Circuit has decided the issue.  Speaking generally, the Eighth Circuit has noted that complete preemption is "quite rare."  *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 248 (8th Cir. 2012); *accord Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012) (quoting *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1260 n.16 (11th Cir. 2011)).  It exists, the Eighth Circuit recently explained, only "in very limited circumstances, primarily the LMRA, ERISA, and the National Bank Act."  *Stursberg v. Morrison Sund PLLC*, 112 F.4th 556, 565 (8th Cir. 2024).

Complete preemption should not have been something that Defendants just assumed. Without establishing complete preemption, the best they could show this Court is that they may win this case someday on the merits in state court, not that this Court has subject-matter jurisdiction. *See Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1179 (11th Cir. 2006) ("Unlike complete preemption, which is jurisdictional, defensive preemption is a substantive defense, justifying dismissal of preempted state law claims."); *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (explaining that "ordinary or conflict preemption is merely a defense to the merits of a claim," not an exception to "the well-pleaded complaint rule"). The Court, though, has "an independent duty to determine subject matter jurisdiction." *City of Kansas City v. Yarco Co.*, 625 F.3d 1038, 1040 (8th Cir. 2010). After the Court's own research, the Court is not convinced that § 301 of the Copyright Act completely preempts state-law causes of action in a manner sufficient to support federal-question jurisdiction here.

The United States District Court for the District of Minnesota has "decline[d] to extend the complete preemption doctrine" to federal copyright law. *Badhwa v. Veritec, Inc.*, 367 F. Supp. 3d 890, 902 (D. Minn. 2018). In *Badhwa*, the court examined the complete preemption doctrine "through th[e] lens" of "Eighth Circuit precedent" as well as Justice Scalia's dissent in *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003). In a thorough analysis, the court explained that, while Congress was "uncharacteristically clear" that federal courts have exclusive subject-matter jurisdiction over actual copyright claims, that is not the same thing as transforming all copyright-adjacent state claims into federal claims. *See Badhwa*, 367 F. Supp. 3d. at 903 (citing 28 U.S.C. § 1338(a)). And,

- 7 -

as for § 301(a), the provision on which "those circuits that have found complete preemption applicable in this area" rely, the court found that the section "is not nearly as panoptic as those statutes which the Supreme Court has previously found completely preemptive." *Id.* at 903–04.

"In this Circuit, 'removal under the complete preemption doctrine is proper only in circumstances where a federal statute completely displaces state law and it is clear Congress meant the federal statute to be the exclusive cause of action for the type of claim asserted.'" *Id.* (quoting *MFA Petroleum*, 701 F.3d at 250). Defendants have not at all shown that it is clear Congress did so, and *Badhwa* makes a persuasive case that Congress did <u>not</u> do so. *Id.* at 902–05. If the Copyright Act does not completely preempt the substantive field, then D2's state law claims here "simply [could not] serve as a basis" for the Court's subject-matter jurisdiction. *Id.* at 905. *See also Griffioen*, 785 F.3d at 1188 (noting the "defense of preemption . . . does not create federal-question jurisdiction"). Thus, there would be no reason to "examine the individual claims identified by [Defendants] to determine whether they are preempted." *See Badhwa*, 367 F. Supp. 3d at 905. However, here, even if the Court were inclined to disagree with *Badhwa*, remand still would be required because Defendants have also failed to show that any of D2's claims are preempted.

If there is complete preemption of copyright claims, the question becomes "whether the right [D2 seeks] under state law is equivalent to the exclusive rights under copyright" or whether D2's "cause[s] of action [are] qualitatively different from an action for copyright." *Nat'l Car Rental Sys., Inc. v. Comput. Assocs. Int'l, Inc.*, 991 F.2d 426,

- 8 -

431 (8th Cir. 1993). "Section 301 preempts only those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law." *Id.* Thus, "if an extra element is required, instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption." *Id.* (citation modified). *See also* 1 *Nimmer on Copyright* § 1.14 (2026).

A review of D2's claims in the Amended Complaint shows that each has an extra element that makes it qualitatively different from a cause of action for copyright. D2's claims focus on its Exclusive Songwriter Agreements with Harper, Cleveland, and Jones and the secret arrangement they allegedly had with Haynes to fraudulently avoid their Exclusive Songwriter Agreements with D2. The Court concludes that D2's state-law claims premised on these issues are qualitatively different from a copyright claim. Remand therefore is appropriate even assuming the Copyright Act completely preempts state law.[4]

---

[4] The Court also notes that the reasoning used by the Eleventh Circuit in *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*, No. 21-10410, 2023 WL 3454614, at *4–7 (11th Cir. May 15, 2023) (per curiam) (assuming without deciding that the Copyright Act is completely preemptive but explaining that complete preemption turns on whether a claim falls within the scope of the Copyright Act's exclusive federal cause of action, not merely whether it is preempted by § 301), and by the Third Circuit in *Board of Chosen Freeholders of County of Burlington v. Tombs*, 215 F. App'x 80, 82 (3d Cir. 2006) (rejecting complete preemption because the Copyright Act does not provide the exclusive cause of action or remedial scheme for state public-records claims), supports remand in this case. *But see* 5 *Patry on Copyright* § 17:23 at n.21 (arguing the Eleventh Circuit made an "egregious error" in *Poet*).

**III.      CONCLUSION**

In sum, even if the Copyright Act completely preempts the substantive field, which Defendants failed to show, all Plaintiff's claims in the Amended Complaint are qualitatively different from an action for copyright.  The Court therefore lacks subject-matter jurisdiction regardless and must remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff D2 Productions, Inc.'s Second Motion to Remand, Doc. [28], is **GRANTED**.  The Court will enter herewith a separate Order of Remand, remanding this action to the Circuit Court of St. Louis County, the Twenty-First Judicial Circuit of Missouri.

Dated this 10th day of June 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE